IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN LEMUEL JONES | * | |
| Plaintiff *pro se* | * | |
| v. | * | Civil Action No. GLR-14-3181 |
| STATE OF MARYLAND,[1] et al. | * | |
| Defendants | * | |

\*\*\*

**MEMORANDUM**

The above-captioned Complaint was filed on October 9, 2014, together with a Motion to Proceed in Forma Pauperis. ECF Nos. 1, 2. Because he appears indigent, Plaintiff's Motion shall be granted. For the reasons stated below, the Complaint will be dismissed.

Plaintiff has been employed as a "police supervisor" at the Baltimore City Community College since July 2008. Compl. 4, ECF No. 1. He asserts that his employer has violated various provisions of Maryland state law and regulations, as well as the federal Fair Labor Standards Act ("FLSA"). Although Plaintiff admits he litigated the same claims against these Defendants in this Court and that he has a state case currently pending on appeal that concerns the claims asserted, he maintains that the Complaint should not be dismissed on res judicata grounds because the "merits" of his claims were never litigated. Additionally, Plaintiff asserts

---

[1] Additional Defendants named are: Baltimore City Community College; Current and Former Presidents of Baltimore City Community College; Current and Former Chiefs of Police of Baltimore City Community College; Former Acting Chief of Police for Baltimore City Community College; Current and Former Vice Presidents of Baltimore City Community College; Current and Former Assistant Attorney Generals Assigned to the Baltimore City Community College; Current and Former Directors of Human Resources at Baltimore City Community College; and Current and Former Members of the Board of Trustees for Baltimore City Community College.

the Complaint should not be dismissed as time-barred[2] because there are ongoing violations and evidence was fraudulently concealed by Defendants.

The previously filed complaint was ultimately dismissed by this Court because Plaintiff failed to establish a prima facie case of discrimination and his FLSA claim was barred on Eleventh Amendment grounds.[3] See Jones v. Williams, et al., No. CCB-11-793 (D.Md. Nov. 16, 2012). Plaintiff appealed the ruling of this Court to the Fourth Circuit Court of Appeals and the judgment was affirmed.

After this Court issued judgment in favor of Defendants, Plaintiff filed a complaint with the Equal Employment Opportunity Commission and received a "right to sue" letter in March of 2013. Compl. 7. Plaintiff then filed an action in the Circuit Court for Baltimore City, which was dismissed based on res judicata, the statute of limitations lapsing, and a failure to state a claim. Id. Plaintiff appealed the state trial court's ruling to the Maryland Court of Special Appeals, and was informed, after the appeal had been pending for nine months, that it was "going to be dismissed due to the Baltimore City Circuit Court not having the Notice of Appeal form." Id. at 8. Plaintiff maintains he was not informed of the missing form until August of 2014. Id.

Where there has been a final judgment on the merits in a prior suit, an identity of the cause of action in both the earlier and the later suit, and an identity of parties or their privies in the two suits, res judicata is established. Pension Ben. Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005). The doctrine of res judicata precludes the assertion of a claim after a judgment on the merits is entered in a prior suit by the same parties on the same cause of action. See Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). In addition, "'[n]ot

---

[2] The events forming the basis of the Complaint occurred from August 2009 through February 2012. Compl. 5.
[3] The basis for a finding of Eleventh Amendment immunity was Md. Code Ann., Educ., §16-501 et seq. requiring that Baltimore City Community College be treated differently from the state's other community colleges. Jones, Civil Action CCB-11-793 at ECF No. 65.

only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" Id. (quoting Peugeot Motors of Am., Inc. v. E. Auto Distribs., Inc., 892 F.2d 355, 359 (4th Cir. 1989)). Despite Plaintiff's assertions to the contrary, a judgment on the merits was issued by this Court when the previously filed complaint was dismissed for failure to establish a prima facie case of discrimination and for lack of jurisdiction on Eleventh Amendment immunity grounds.

Further, Plaintiff's discrimination claims filed in state court are barred by the doctrine of collateral estoppel. Collateral estoppel applies to claims raised in Maryland courts "only if (1) the issue presented is identical to the issue previously adjudicated, (2) the party to be estopped was a party in the prior action, and (3) there was a prior final judgment on the merits." Alston v. Robinson, 791 F.Supp. 569, 578 (D.Md. 1992) (citing O'Reilly v. Cnty. Bd. of Appeals, 900 F.2d 789, 791 (4th Cir. 1990); MPC, Inc. v. Kenny, 367 A. 2d 486, 490 (1977)). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). If a Maryland state court would be precluded from considering a plaintiff's claims based on the state court's previous decision rejecting his claim, this Court is similarly precluded. The decision of the Circuit Court for Baltimore City was a judgment on the merits of Plaintiff's claims. This Court is, therefore, precluded from considering Plaintiff's claims.

Lastly, regarding Plaintiff's appeal pending before the Maryland Court of Special Appeals, this Court will not rule on any of Plaintiff's claims challenging the state court's previous judgment. The Younger[4] abstention doctrine

> requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists, if there is: (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.

Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165 (4th Cir. 2008).  "Younger is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action."  Williams v. Lubin, 516 F. Supp. 2d 535, 539 (D.Md. 2007) (internal quotation marks omitted).

In the event the appeal is no longer pending, Plaintiff's Complaint, which takes issue with the propriety of prior state court rulings, is barred by the Rooker-Feldman doctrine.  "Under the Rooker-Feldman[5] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" Am. Reliable Ins. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)).  The Rooker-Feldman doctrine is jurisdictional and, as such, this Court is free to raise it sua sponte.  Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n.5 (4th Cir. 1997).  "[T]he Rooker-Feldman doctrine . . . preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts."  Stillwell, 336 F.3d at 319.

---

[4] Younger v. Harris, 401 U.S. 37 (1971).
[5] D.C. Ct. of App. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

Accordingly, the Complaint must be dismissed by separate Order which follows.[6]

November 14, 2014                                                    /s/
                                                      _____
                                                      George L. Russell, III
                                                      United States District Judge

---

[6] On November 14, 2014, the Court received a letter from Jones requesting the Court to appoint him counsel. ECF No. 3. Since the Court is dismissing the Complaint, the Court will not address Jones's request.